IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHEENA MICKENS-DAVIS, ) | |
| ) | |
| Plaintiff, ) | 4:11-cv-01522-MLM |
| ) | |
| v. ) | |
| ) | Magistrate Judge Medler |
| AHMAD Z. AMOZGAR d/b/a ) | |
| DIRECT RESOURCE CAPITAL and ) | |
| d/b/a DRCC, ) | |
| Defendant. ) | |

### PLAINTIFF'S FIRST AMEDNED COMPLAINT

NOW COMES the Plaintiff, SHEENA MICKENS-DAVIS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her First Amended Complaint against the Defendant, AHMAD Z. AMOZGAR d/b/a DIRECT RESOURCE CAPITAL and d/b/a DRCC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   SHEENA MICKENS-DAVIS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St. Louis, County of St. Louis, State of Missouri.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to HSBC.

6. The debt that Plaintiff allegedly owed HSBC was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. AHMAD Z. AMOZGAR d/b/a DIRECT RESOURCE CAPITAL and d/b/a DRCC, (hereinafter, "Defendant") is an individual engaged in the collection of debt within the State of Missouri.  Defendant is a resident of the State of California.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

## IV.  ALLEGATIONS

14. On or about May 26, 2009, a lawsuit was filed in the Court of St. Louis County, State of Missouri, captioned as *Midland Funding LLC v. Sheena M Mickens Davis*, with case number 2009SL-AC20298, (hereinafter, "St. Louis County matter").

15. The aforesaid lawsuit was filed against Plaintiff in relation to a debt she allegedly owed to HSBC.

16. On April 15, 2010, the St. Louis County matter was dismissed with prejudice.

17. The debt on which Defendant is attempting to collect is the same debt that was at issue in the St. Louis County matter.

18. Upon information and belief, on and prior to April 28, 2011, Defendant had a contact telephone number in its possession at which it would reach Plaintiff.

19. Upon information and belief, on and prior to April 28, 2011, Defendant had an address in its possession at which it would reach Plaintiff.

20. On or about April 28, 2011, notwithstanding that, upon information and belief, Defendant had contact information for Plaintiff, Defendant initiated a telephone call to Plaintiff's mother and engaged in a telephone conversation with Plaintiff's mother.

21. During the course of the aforementioned telephone call, Defendant did not state that Defendant was calling to confirm or correct location information for Plaintiff.

22. During the course of the aforementioned telephone conversation, Defendant disclosed that Plaintiff owed a debt.

23. Defendant further told Plaintiff's mother that Plaintiff had to contact Defendant as Defendant had to serve Plaintiff with a Summons for court.

24. Defendant further informed Plaintiff's mother that if Plaintiff did not contact Defendant then Defendant would garnish Plaintiff's wages.

25. Defendant then provided Plaintiff's mother with a telephone number at which Plaintiff could reach Defendant.

26. The telephone number Defendant provided to Plaintiff's mother was that of the Defendant.

27. Plaintiff's mother informed Plaintiff of the contents of the aforesaid telephone call.

28. Plaintiff became embarrassed, upset, frustrated, angry and distressed upon learning that Defendant had made the aforementioned statements to her mother.

29. Defendant's representations, as delineated above, that it had a summons to serve upon Plaintiff, had the effect of conveying to an unsophisticated consumer that Defendant had filed a lawsuit against Plaintiff and that as a result of having filed a lawsuit, Defendant had a Summons and Complaint to serve upon Plaintiff.

30. Defendant's representations that it had filed a lawsuit against Plaintiff were false, deceptive and/or misleading given that at the time Defendant made the aforesaid representations Defendant had not filed a lawsuit against Plaintiff with respect to the debt she allegedly owed.

31. Defendant's representations that it had filed a lawsuit against Plaintiff misrepresented the character, nature and/or legal status of the debt on which it was attempting to collect given that at the time Defendant made the aforesaid representations Defendant had not filed a lawsuit against Plaintiff with respect to the debt she allegedly owed.

32. On or about April 28, 2011, after Plaintiff's mother provided Plaintiff with Defendant's telephone number, Plaintiff initiated multiple telephone calls to Defendant.

33. On or about April 28, 2011, Plaintiff engaged in multiple telephone calls with Defendant.

34. During the course of the aforesaid telephone calls, on multiple occasions, Defendant's duly authorized representatives refused to provide Plaintiff with information relative to Defendant's identity.

35. Plaintiff had to ask Defendant multiple times for Defendant's name prior to one of Defendant's duly authorized representatives providing Plaintiff with such information.

36. During the course of Plaintiff's telephone calls with Defendant, Defendant's duly authorized representatives informed Plaintiff that she owed a debt to HSBC.

37. On multiple occasions, during the aforesaid telephone calls, Plaintiff informed Defendant that the debt on which it was attempting to collect was the subject of a previous lawsuit.

38. Plaintiff informed Defendant, on multiple occasions, that her attorney went to court on her behalf to handle the HSBC debt that was at issue in the Saint Louis County matter.

39. Plaintiff then provided Defendant with the name of the attorney that represented her in the Saint Louis County matter.

40. Defendant then informed Plaintiff that it already had information regarding the attorney that represented her in the Saint Louis County matter.

41. By informing Plaintiff that it had the name of her attorney, Defendant acknowledged that it had information in its possession regarding Plaintiff's counsel in the Saint Louis County matter.

42. By informing Plaintiff that it had information in its possession regarding Plaintiff's counsel, Defendant acknowledged that it knew that Plaintiff was represented by

5

counsel with respect to the debt on which Defendant was attempting to collect and that Defendant knew or could readily ascertain Plaintiff's counsel's contact information

43. During the course of the aforesaid telephone calls, Plaintiff informed Defendant, on multiple occasions, that she disputed owing the debt on which it was attempting to collect.

44. Plaintiff informed Defendant, on multiple occasions, that she disputed owning the debt on which it was attempting to collect.

45. Defendant informed Plaintiff that unless she provided Defendant with a copy of the court documents from the Saint Louis County matter within the next forty-eight (48) hours to demonstrate that she no longer owed a debt then Defendant would file a lawsuit against Plaintiff and serve Plaintiff with a summons.

46. Defendant informed Plaintiff that if it filed a lawsuit against her then she would be responsible to pay for the debt she owed to HSBC in the amount of $3,500, plus $1,700 in attorneys' fees.

47. Defendant's representations, as delineated above, that Plaintiff had to provide Defendant with the court documents from the Saint Louis County matter had the effect of conveying to an unsophisticated consumer that it was Plaintiff's responsibility to provide Defendant with documentation to demonstrate whether or not Plaintiff owed the debt on which Defendant was attempting to collect.

48. Defendant's representations that it was Plaintiff's responsibility to provide Defendant with documentation to prove that Plaintiff no longer owed a debt misrepresented Plaintiff's right to dispute the validity of the debt on which Defendant was attempting to collect.

49. Defendant's representations that it would file a lawsuit against Plaintiff and serve Plaintiff with a summons within the next forty-eight (48) hours was false, deceptive and/or

misleading given that, upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

50. Defendant's representations that it would file a lawsuit against Plaintiff and serve Plaintiff with a summons within the next forty-eight (48) hours was false, deceptive and/or misleading given that, upon information and belief, Defendant had no authority to file a lawsuit against Plaintiff relative to the debt she allegedly owed as the Saint Louis County matter was dismissed with prejudice.

51. Defendant's representations that if it filed a lawsuit against Plaintiff that she would owe Defendant for the debt she owed to HSBC plus $1,700 in attorneys' fees had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then Defendant would summarily obtain a judgment against Plaintiff.

52. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then Plaintiff would not be able to defend herself in a lawsuit brought against her by Defendant.

53. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff failed to pay the debt she allegedly owed then Defendant would obtain a judgment against Plaintiff relative to the debt she allegedly owed.

54. Defendant's representations that if it filed a lawsuit against Plaintiff that she would owe Defendant $1,700 for its attorneys' fees were false, deceptive and/or misleading given that, upon information and belief, Defendant had not incurred $1,700 in attorneys' fees at the time it made the aforesaid representations to Plaintiff.

55. Defendant's representations that if it filed a lawsuit against Plaintiff that she would owe Defendant $1,700 for its attorneys' fees were false, deceptive and/or misleading given that, upon information and belief, Defendant had neither the power nor the authority to collect attorneys' fees from Plaintiff in the aforesaid amount.

56. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

57. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

58. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

59. During the course of a telephone call between Plaintiff and Defendant, as delineated above, Defendant informed Plaintiff that unless she provided Defendant with a copy of the court documents from the Saint Louis County matter within the next forty-eight (48) hours then Defendant would garnish her wages.

60. At the time Defendant made the aforementioned threats to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

61. At the time Defendant made the aforementioned threats to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt she allegedly owed.

62. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

63. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the

consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

64. In its attempts to collect the debt allegedly owed by Plaintiff to HSBC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

   b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   c. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

   d. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

   e. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   f. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   g. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   h. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   i. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt

9

      collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

j. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

k. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

l. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

m. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

n. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

65. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    JURY DEMAND

66. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHEENA MICKENS-DAVIS, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                        Respectfully submitted,
                        **SHEENA MICKENS-DAVIS**

                  By:   s/ David M. Marco
                        Attorney for Plaintiff

Dated: December 6, 2011

David M. Marco (Atty. No.: 6273315IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us